UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORETTA VAN BEEK,

       Plaintiff,

v.

TWO UNKNOWN NAMED AGENTS
OF THE UNITED STATES
CUSTOMS AND BORDER
PATROL, jointly and severally,

       Defendants.

Case No. _____

Hon. _____

---

S. Thomas Wienner (P29233)
Thomas H. Trapnell (P74345)
Wienner & Gould, P.C.
Attorneys for Plaintiff
950 West University Dr., Ste. 350
Rochester, MI  48304
(248) 841-9400; Fax (248) 652-2729

---

## COMPLAINT AND JURY DEMAND

Plaintiff Loretta Van Beek ("Plaintiff"), by her counsel, Wienner & Gould, P.C., hereby complains against the above-captioned defendants and for her cause of action alleges the following:

### PARTIES AND JURISDICTION

1. Plaintiff is a Canadian citizen residing at 142 Huron St., Stratford, Ontario, N5A 5S8.

2. Plaintiff owns vacation property located in the City of Savannah, County of Chatham, State of Georgia (the "Property").  Plaintiff regularly travels to the Property, usually

by crossing the Ambassador Bridge and entering through the United States Customs and Border Patrol located at 1331 Atwater Street, City of Detroit, County of Wayne, State of Michigan.

3. Upon information and belief, the two unknown named Defendants (individually, "Doe" and "Roe") (jointly, "Defendants") were at all material times employed as officers of the United States Customs and Border Patrol ("Border Patrol") and stationed in the office located at 1331 Atwater Street, City of Detroit, County of Wayne, State of Michigan 48027.

4. The identity of Doe is presently unknown but identifiable and within the possession of the United States Customs and Border Patrol.

5. The identity of Roe is presently unknown but identifiable and within the possession of the United States Customs and Border Patrol.

6. Plaintiff has made diligent efforts to learn Defendants' names, including a request for Defendants' identities under the Freedom of Information Act. Defendants' names were redacted in materials produced to Plaintiff in response to this request. Upon learning Defendants' names, Plaintiff will seek leave to amend her Complaint to include Defendants' real names and serve Defendants with process.

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331.

8. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

## FACTUAL ALLEGATIONS

9. Plaintiff travels to the Property approximately five times per year. Each visit is for roughly one to two weeks. When driving to the Property, her usual route is to enter the United States of America by crossing the Ambassador Bridge and entering Detroit, Michigan.

10. On or about March 2, 2010, Plaintiff left her home in Ontario to stay at the Property for fourteen days. Consistent with her previous visits, she planned to enter the United States of America by crossing the Ambassador Bridge and entering through the Detroit Border Patrol post.

11. On March 2, 2010, at approximately 2:00 p.m., Plaintiff entered the Detroit Border Patrol clearance and surveillance lane closest to the Department of Homeland Security building (the "Building").

12. Two Border Patrol officers conducted a preliminary inspection of Plaintiff's vehicle. The officers noted that Plaintiff was carrying raspberries in her vehicle and informed her that she needed to declare these items. The officers instructed Plaintiff to move her vehicle closer to the Building. One of these officers then instructed Plaintiff to park her vehicle and enter the Building for further questioning.

13. After entering the Building, other Border Patrol officers asked Plaintiff a series of questions regarding her occupation, property ownership, and family status. Plaintiff was then instructed to wait. At least two hours elapsed during this process.

14. Following this waiting period, Doe called Plaintiff to come forward for additional questioning. Doe asked Plaintiff a series of questions about her financial status, length of her usual stays in the United States, and occupation. Doe then instructed Plaintiff to return to her seat.

15. After another prolonged waiting period, Doe and Roe ordered Plaintiff to accompany them down a hallway. Doe and Roe escorted Plaintiff into a windowless concrete cell with a deadbolt door lock and chained door handle.

16. Roe ordered Plaintiff to set down her wallet, change purse, United States currency and a Border Patrol form about fruits and vegetables. Roe informed Plaintiff that she had been denied entry to the United States due to the Border Patrol's belief that she was living illegally in the United States.

17. Roe informed Plaintiff that her denial of entry into the United States required that she be fingerprinted. Roe stated that she and Doe needed to search Plaintiff prior to fingerprinting in order to protect themselves. Roe then ordered Plaintiff to strip off all of her clothing other than a white cotton camisole and her pants. Plaintiff complied with Roe's order.

18. After Plaintiff removed her clothing as instructed, Roe ordered Plaintiff to lean against one of the cell's walls and to spread her arms and legs. Roe then aggressively grabbed and twisted Plaintiff's nipples and breasts for an extended period of time. When Plaintiff flinched, Roe shouted at her to remain facing the wall and continued to roughly squeeze and twist Plaintiff's breasts.

19. Roe proceeded to run her hands over Plaintiff's arms, torso, abdomen, buttocks, pelvis, thighs, calves and ankles. Roe then informed Plaintiff that she was about to "get intimate."

20. Roe then forced her hand into Plaintiff's genital area in such a manner that Plaintiff's undergarments were pushed inside her genitalia.

21. Throughout Roe's touching of Plaintiff's breasts and genitals, Doe remained in the cell observing Roe's actions.

22. After Roe finished aggressively touching Plaintiff's breasts and genitalia, Plaintiff was ordered to remove her boots for a search. Plaintiff observed that neither Doe nor Roe made any attempt to search inside her footwear.

23. Plaintiff was then permitted to gather her belongings and was led back to the main area of the Building where she was fingerprinted and photographed.

24. Approximately forty-five minutes after this fingerprinting and photographing process, Plaintiff was escorted outside to her vehicle and directed to turn her car around and drive back to the Canadian side of the border.

25. As a direct result of Defendants' actions, Plaintiff has suffered a violation of her rights under the Fourth Amendment and sustained mental anguish as well as emotional pain and suffering.

26. Upon information and belief, Defendants were both acting in their capacities as agents of the Border Patrol during all relevant and material times.

## LEGAL CLAIMS

### Count I
### Violation of Fourth Amendment Rights

27. Plaintiff incorporates herein paragraphs 1 through 26 of the Complaint.

28. Plaintiff has significant voluntary connections with the United States which entitle her to the protections of the Fourth Amendment to the United States Constitution against unreasonable searches and seizures.

29. During the Border Patrol search, Doe and Roe subjected Plaintiff to a strip search during the course of which Roe thrust her hand into Plaintiff's sexual organs and fondled Plaintiff's breasts in a prolonged, deliberate manner.

30. The search was carried out in a windowless concrete holding cell which Doe and Roe did not permit Plaintiff to leave until they had completed their invasive search.

31. Upon information and belief, this search was carried out contrary to standard Border Patrol procedure and without any reasonable suspicion that Plaintiff was concealing contraband.

32. This unauthorized, unduly threatening and physically invasive search violated Plaintiff's Fourth Amendment rights against unreasonable search and seizure.

33. As a direct result of this violation of her Fourth Amendment rights, Plaintiff has suffered mental anguish and emotional distress.

34. Due to the outrageousness of Defendants' violation of Plaintiff's constitutional rights, Defendants are jointly liable to Plaintiff for punitive damages as well as compensatory damages for her mental anguish and emotional distress in amounts to be determined at trial.

## **CLAIMS FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

I. Enter its judgment in favor of Plaintiff and against each of the Defendants, jointly and severally, for compensatory and punitive damages in whatever amounts are found appropriate at trial;

II. Award Plaintiff her costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees; and

III. Grant Plaintiff such other and further relief as the Court may deem just and proper.

/s/ S. Thomas Wienner (P29233)
Wienner & Gould, P.C.
Attorneys for Plaintiff
950 W. University Dr., Ste. 350
Rochester, MI  48307
(248) 841-9400; Fax 652-2729
Primary E-Mail:  twienner@wiennergould.com

Dated:  February 9, 2011

## JURY DEMAND

Plaintiff hereby demands a trial by jury of the above-captioned case.

/s/ S. Thomas Wienner (P29233)
Wienner & Gould, P.C.
Attorneys for Plaintiff
950 W. University Dr., Ste. 350
Rochester, MI 48307
(248) 841-9400; Fax 652-2729
Primary E-Mail: twienner@wiennergould.com

Dated: February 9, 2011