UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORETTA VAN BEEK,

    Plaintiff,

v.

CRYSTAL ROBINSON and TONI
FEENSTRA, officers of the United
States Customs and Border Protection,
in their individual capacities, and the
UNITED STATES OF AMERICA,
jointly and severally,

    Defendants.
_____/

Case No. 2:11-cv-10514
District Judge: LAWRENCE P. ZATKOFF
Mag. Judge: PAUL J. KOMIVES

## DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

Defendants Crystal Robinson, Toni Feenstra, and United States of America, by and through their attorneys, Barbara L. McQuade, United States Attorney for the Eastern District of Michigan, and William L. Woodard, Assistant United States Attorney, answer the second amended complaint as follows:

### FIRST DEFENSE

The second amended complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

This Court lacks jurisdiction over the subject matter of this action.

### THIRD DEFENSE

Defendants Crystal Robinson and Toni Feenstra are shielded by qualified immunity from plaintiff's constitutional violation claims brought against them in their individual capacities.

FOURTH DEFENSE

Plaintiff was subject to a routine border search at the time of the events underlying this lawsuit.

FIFTH DEFENSE

Defendants reserve the right to claim a failure to mitigate damages in the event that discovery reveals appropriate evidence.

SIXTH DEFENSE

Defendants reserve the right to raise any additional affirmative defenses that they may have following completion of discovery or as may be permitted by the Court.

SEVENTH DEFENSE

Defendants respond to the numbered paragraphs of the second amended complaint as follows:

Parties and Jurisdiction

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and they therefore deny them.

2. Defendants deny that the address of the United States Customs and Border Protection ("CBP") "post" by the Ambassador Bridge is 1331 Atwater Street, Detroit, Michigan. Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph, and they therefore deny them.

3. Defendants deny that they were stationed in an office located at 1331 Atwater Street, Detroit, Michigan 48027, but admit the other allegations contained in this paragraph.

      4.      This paragraph consists of legal conclusions, to which no response is required. To the extent that a response may be required, the allegations in this paragraph are denied.

      5.      The first sentence of this paragraph consists of legal conclusions, to which no response is required. To the extent that a response may be required, the allegations in the first sentence are denied. Defendants admit the allegations contained in the second sentence of this paragraph.

      6.      This paragraph consists of legal conclusions, to which no response is required. To the extent that a response may be required, the allegations in this paragraph are denied.

## Factual Allegations

      7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and they therefore deny them.

      8.      Defendants admit that at approximately 2:30 p.m. on March 2, 2010, plaintiff arrived in her vehicle on the Ambassador Bridge in Detroit, Michigan, and applied for admission to the United States. Defendants further admit that plaintiff utilized lane 13 in the primary inspection area, and that lane 13 is adjacent to the secondary inspection building. Defendants lack knowledge or information sufficient to form a belief about the truth of the other allegations in this paragraph and therefore deny them.

      9.      Defendants admit that plaintiff was asked during primary inspection to proceed to the secondary inspection area for additional questioning and that plaintiff complied with the request. Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph and therefore deny them.

10. Defendants admit that plaintiff was questioned by CBP officers regarding her occupation, property ownership, and family status. Defendants deny that at least two hours elapsed during the process alleged in this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph and therefore deny them.

11. Admit.

12. Defendants admit that plaintiff was asked to accompany Officers Robinson and Feenstra and that they escorted plaintiff down a hallway to a detention area. Defendants admit that the detention area is a concrete room, that it is windowless except for a window in the door, and that the door to the room has a deadbolt lock and a chained door handle. Defendants affirmatively state that the door to the detention room remained open during the patdown search. Defendants deny the other allegations set forth in this paragraph.

13. Admit.

14. Defendants admit that Officer Robinson informed plaintiff that her denial of entry into the United States required that she be fingerprinted. Defendants admit that Officer Robinson stated that the officers needed to search plaintiff prior to fingerprinting for officer safety. Defendants admit that plaintiff was asked to remove her outer garments such as a jacket or sweater prior to the search, and that she complied. Defendants deny the other allegations set forth in this paragraph.

15. Defendants admit that, after plaintiff removed her outer garment or garments, Officer Robinson ordered plaintiff to lean against one of the cell's walls and to spread her arms and feet. Defendants deny the remaining allegations set forth in this paragraph.

16. Defendants admit that Officer Robinson conducted a patdown search of plaintiff, including her torso, abdomen, buttocks, thighs, calves, and ankles, over plaintiff's clothing. Defendants admit that before checking plaintiff's crotch area, Officer Robinson informed plaintiff that she was about to search her personal area and to not react. Defendants deny the remaining allegations set forth in this paragraph.

17. Defendants admit that before checking plaintiff's crotch area, Officer Robinson informed plaintiff that she was about to search her personal area and to not react. Defendants admit that Officer Robinson performed a patdown search of plaintiff's covered crotch area, but deny that the patdown search involved pushing into plaintiff's vagina. Defendants deny the other allegations set forth in this paragraph.

18. Defendants admit that Officer Feenstra witnessed the patdown search of plaintiff conducted by Officer Robinson. Defendants admit that during the course of the patdown search Officer Robinson touched the clothing covering plaintiff's breasts and crotch. This touching was non-sexual in nature. Defendants affirmatively state that neither of them acted improperly relative to the patdown search of plaintiff.

19. Defendants admit that immediately following the patdown of plaintiff, she was ordered to remove her footwear for a search, but deny the remaining allegations set forth in this paragraph.

20. Admit.

21. Defendants admit that after the fingerprinting and photographing process was completed, plaintiff was escorted outside to her vehicle and directed to drive back to the Canadian

side of the border. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny them.

22. Defendants deny that plaintiff suffered a violation of her Fourth Amendment rights as a result of their actions. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny them.

23. Admit.

## Count I
### Violation of Fourth Amendment Rights - Robinson and Feenstra

24. Defendants incorporate by reference their answers to the allegations in paragraphs 1 through 23 as though fully set forth here.

25. This paragraph consists of legal conclusions to which no response is required. To the extent that a response may be required, the allegations in this paragraph are denied.

26. Deny.

27. Defendants admit that plaintiff was subjected to a patdown search in a concrete detention room, and that the detention room has no windows except for a window in the door. Defendants admit that an individual being patted down in a secure area is not allowed to simply walk away. Defendants deny the other allegations set forth in this paragraph.

28. Deny.

29. Defendants deny that the search was carried out contrary to standard CBP procedure. The remaining allegations of this paragraphs consist of legal conclusions to which no response is required. To the extent that a response may be required, the allegations are denied.

30-32. Deny.

### Count II
### Battery - USA

33.     Defendants incorporate by reference their answers to the allegations in paragraphs 1 through 32 as though fully set forth here.

34.     Deny.

35.     Defendants admit that defendant Feenstra helped defendant Robinson escort plaintiff to the detention room for the patdown search, and that defendant Feenstra served as the witnessing officer to the patdown search. Defendants deny the remaining allegations set forth in this paragraph.

36-37.  Deny.

### Count III
### False Imprisonment - USA

38.     Defendants incorporate by reference their answers to the allegations in paragraphs 1 through 37 as though fully set forth here.

39.     Defendants admit that the patdown search took place in a concrete detention room that was windowless except for a window in the door and that plaintiff was not free to leave during the patdown search, but deny the other allegations set forth in this paragraph.

40.     Defendants admit that plaintiff was not free to leave during the patdown search. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and they therefore deny them.

41-43.  Deny.

<u>Count IV</u>
<u>Intentional Infliction of Emotional Distress - USA</u>

44. Defendants incorporate by reference their answers to the allegations in paragraphs 1 through 44 as though fully set forth here.

45-47. Deny.

Defendants further deny any allegations in the second amended complaint that are not hereinbefore specifically admitted or denied.

Wherefore, defendants request that the second amended complaint be dismissed with prejudice, that judgment be entered in favor of the defendants, and that the defendants be awarded attorney's fees, costs of suit, and such other and further relief as the Court deems just and proper.

Respectfully Submitted,

BARBARA L. McQUADE
United States Attorney

<u>s/William L. Woodard</u>
WILLIAM L. WOODARD
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
Tel: (313) 226-9786
E-mail: william.woodard@usdoj.gov
(P27404)

Dated: August 29, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

>S. Thomas Wienner
>Attorney for plaintiff
>Email: twienner@wienntergould.com

I further certify that on the above date I mailed by U.S. mail the paper to the following non-ECF participants:

>None


>*s/William L. Woodard*
>WILLIAM L. WOODARD
>Assistant United States Attorney
>211 W. Fort St., Ste. 2001
>Detroit, MI 48226
>Phone: (313) 226-9786
>E-mail: william.woodard@usdoj.gov
>(P27404)

Dated: August 29, 2011