UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORETTA VAN BEEK,

    Plaintiff,

                              CASE NO. 2:11-cv-10514
v.                         JUDGE LAWRENCE P. ZATKOFF
                              MAGISTRATE JUDGE PAUL J. KOMIVES

CRYSTAL ROBINSON,
TONI FEENSTRA and
THE UNITED STATES OF AMERICA,

    Defendants.

_____/

## ORDER GRANTING DEFENDANTS' APRIL 13, 2012 MOTION TO COMPEL DISCOVERY (Doc. Ent. 28)

**A.    Background**

**1.**    Loretta Van Beek filed the instant lawsuit on February 9, 2011 against two unknown named agents of the United States Customs and Border Patrol based upon the alleged events of March 2, 2010. Doc. Ent. 1 ¶¶ 3-6, 9-26. Plaintiff claims she "has suffered a violation of her rights under the Fourth Amendment and sustained mental anguish as well as emotional pain and suffering." Doc. Ent. 1 ¶ 25.

    The sole cause of action is a violation of Fourth Amendment rights. Doc. Ent. 1 ¶¶ 27-34. Within this cause of action, plaintiff claims she "has suffered mental anguish and emotional distress." Doc. Ent. 1 ¶ 33; *see also* Doc. Ent. 1 ¶ 34. Plaintiff's claims for relief include compensatory and punitive damages, as well as costs and disbursements, including reasonable attorney fees. Doc. Ent. 1 at 6.

1

**2.**    On May 17, 2011, plaintiff filed a first amended complaint, wherein she identified the two defendants as Crystal Robinson and Toni Feenstra. Doc. Ent. 3 ¶ 3. The sole cause of action remains a violation of Fourth Amendment rights. Doc. Ent. 3 ¶¶ 23-31.

On July 18, 2011, defendants Robinson and Feenstra filed an answer to the first amended complaint. Doc. Ent. 13.

**3.**    On August 15, 2011, plaintiff filed a second amended complaint, whereby she identified the United States of America as a defendant. Doc. Ent. 16 at 1. Here, too, plaintiff claims to have "suffered a violation of her rights under the Fourth Amendment and sustained mental anguish as well as emotional pain and suffering." Doc. Ent. 1 ¶ 22.

The causes of action include (I) violation of Fourth Amendment rights against Robinson and Feenstra, Doc. Ent. 16 ¶¶ 24-32;[1] (II) battery against the United States of America, Doc. Ent. 16 ¶¶ 33-37; (III) false imprisonment against the United States of America, Doc. Ent. 16 ¶¶ 38-43; and (IV) intentional infliction of emotional distress as to the United States of America, Doc. Ent. 16 ¶¶ 44-47.

On August 29, 2011, defendants Robinson, Feenstra and the United States of America filed an answer to the second amended complaint. Doc. Ent. 20.

**B.    Instant Motion**

Three protective orders have been entered in this case: the May 6, 2011 protective order and order for disclosure in compliance with the Privacy Act (Doc. Ent. 2), the October 12, 2011 stipulated protective order regarding disclosure of records subject to the Privacy Act (Doc. Ent.

---

[1] Within this count, plaintiff claims she "has suffered mental anguish and emotional distress." Doc. Ent. 16 ¶ 31; *see also* Doc. Ent. 16 ¶ 32.

23); and the February 29, 2012 protective order (Doc. Ent. 24).

Currently before the Court is defendants April 13, 2012 motion to compel discovery. Doc. Ent. 28. Plaintiff filed a response on April 26, 2012 (Doc. Ent. 32), and defendants filed a reply on May 2, 2012 (Doc. Ent. 33).

Judge Zatkoff referred this motion to me for hearing and determination. Doc. Ent. 29. A hearing on this motion was noticed for May 14, 2012. Doc. Ent. 30. On the date set for hearing, attorney S. Thomas Weinner and Assistant United States Attorneys William L. Woodard and Derri T. Thomas appeared in my courtroom.

**C.     Discussion**

Defendants' April 13, 2012 motion to compel discovery seeks "entry of an order compelling plaintiff Loretta Van Beek to produce, within three (3) days of entry of the order, a complete, unredacted set of the records of counselor Marilyn Otton identified in plaintiff's response to defendant's August 10, 2011 Request for Production #4." Doc. Ent. 28 at 1.

In her April 26, 2012 response, plaintiff maintains that she should not be required to produce unredacted copies of the counseling records where:

(i)     the records will not be introduced at trial,

(ii)    the counselor who kept the records will not be called to testify at trial,

(iii)   virtually all of the records pre-date the incident that gave rise to this lawsuit and have absolutely nothing to do with that incident,

(iv)    very few redactions have been made, and those that have been made generally delete personal information that has nothing to do with this lawsuit, such as the names of people with whom Plaintiff has had relationships who have no connection with this case and will not be called to testify, and

(v)     the redacted material is neither relevant nor reasonably calculated to lead

> to the discovery of admissible evidence.

Doc. Ent. 32 at 2.

In reply, defendants cite *Equal Employment Opportunity Com'n v. Sheffield Financial, LLC*, No. 1:06cv00889, 2007 WL 1726560 (M.D.N.C. June 13, 2007)[2] and contend that "because plaintiff has put her mental and emotional condition at issue, defendants may question plaintiff about information that appears in those mental health records[,]" and "the fact that most of the records pre-date the incident in question is irrelevant; plaintiff has placed her mental and emotional condition at issue, making her mental and emotional health *history* relevant."  Doc. Ent. 33 at 1-2 (emphasis in original).

Upon consideration of the motion papers and counsel for the parties' May 14, 2012 oral argument, defendants' April 13, 2012 motion (Doc. Ent. 28) is granted.  I conclude that the discovery sought by defendants is discoverable under Fed. R. Civ. P. 26, because plaintiff's complaint places into issue her mental and emotional state.  Therefore, defendants are entitled to see the information at issue here in its unredacted form.  I decline plaintiff's counsel's invitation to conduct an in camera review, because plaintiff's counsel and defense counsel are in the best position to determine the information's relevance to the claims or defenses at issue in this lawsuit.  Furthermore, I note that the Court's February 29, 2012 protective order expressly provides:

> Plaintiff may designate as "protected information" the counseling records

---

[2] "[C]ourts overwhelmingly hold that employers are entitled to Rule 26 discovery of medical records even in so-called 'garden-variety' employment cases where plaintiffs allege damages due to emotional distress."  Equal Employment Opportunity Com'n v. Sheffield Financial, LLC  2007 WL 1726560, 7 (M.D.N.C.) (M.D.N.C.,2007)

>maintained by Marilyn Otton to be produced by Plaintiff in response to Defendants' First Request for Production of Documents. All such documents which Plaintiff designates as protected information shall be stamped "protected" or "confidential" on each page by Plaintiff before producing them, and all such documents designated as "protected" or "confidential" shall be subject to the provisions below.

Doc. Ent. 24 ¶ 1.

**D.     Order**

Accordingly, defendants' April 13, 2012 motion to compel discovery (Doc. Ent. 28) is GRANTED.  Plaintiff SHALL provide defendants with counselor Otton's aforementioned, unredacted records within fourteen (14) days of the date of this order, unless objections thereto are filed.

IT IS SO ORDERED.

The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: May 14, 2012                    s/Paul J. Komives
                                                     PAUL J. KOMIVES
                                                     UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 14, 2012, electronically and/or by U.S. mail.

                                                       s/Michael Williams
                                                     Relief Case Manager for the Honorable
                                                     Paul J. Komives