UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORETTA VAN BEEK

    Plaintiff,

                                              Case No. 11-10514
v.                                          Hon. Lawrence P. Zatkoff

CRYSTAL ROBINSON, TONI FEENSTRA,
and UNITED STATES OF AMERICA,

    Defendants.
                                       /

## ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

This matter is before the Court on Defendants' motion for reconsideration [dkt 42]. Pursuant to E.D. Mich. L.R. 7.1(h)(2), no response is permitted. The Court finds that the facts and legal arguments are adequately presented in Defendants' motion and brief such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(h)(2), it is hereby ORDERED that the motion be resolved on the brief submitted. For the reasons set forth below, Defendants' motion for reconsideration is DENIED.

In February 2011, Plaintiff filed this action claiming that Defendants Robinson and Feenstra, who are United States Customs and Border Patrol officers, violated Plaintiff's Fourth Amendment right against unreasonable search and seizure when she was detained and searched at the Ambassador Bridge. Plaintiff also asserts three tort claims against the United States for battery, false imprisonment, and intentional infliction of emotional distress under the Federal Torts Claims Act. After the completion of discovery, Defendants filed a motion for partial summary judgment. Defendants asserted that Plaintiff's Fourth Amendment claim failed as a matter of law because Defendants Robinson and Feenstra were entitled to qualified immunity.

On July 16, 2012, the Court resolved Defendants' motion, finding in favor of Plaintiff. The Court determined that:

> In light of the legal authority submitted by the parties and reviewed by the Court, a reasonable CBP officer was on notice in March 2010 that fondling Plaintiff's breasts and twisting her nipples for approximately a minute, resuming after a short pause to fondle her breasts for approximately 30 seconds more, and then forcefully sweeping her genital area to the extent that she had to remove her underwear from her genitalia post-search—without reasonable suspicion—violated Plaintiff's Fourth Amendment right. *See Saucier*, 533 U.S. at 202 ("If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate."). . . . Accordingly, Defendants Robinson and Feenstra are denied summary judgment on the basis of qualified immunity.

July 16, 2012, Opinion and Order, dkt. #41, at 12–13.

On July 31, 2012, Defendants filed the instant motion challenging the Court's denial of qualified immunity. Defendants specifically seek reconsideration of whether Plaintiff's claim that she was subject to a strip search is subject to qualified immunity. Defendants argue that the Court did not clearly address this issue.

Local Rule 7.1(h) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that *merely present the same issues* ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3) (emphasis added). The same subsection further states, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F.Supp. 2d 609, 618 (E.D. Mich. 2008).

Defendant's motion for reconsideration fails. Analyzing whether Defendants are entitled to qualified immunity on a purported strip search of Plaintiff will not change the disposition of Defendants' partial motion for summary judgment. Defendants suggest in the instant motion that the legal issue before the court is "whether a patdown of a person so clothed and under these circumstances can constitute a strip search, and if so, whether clearly established law put Officers Robinson and Feenstra on notice that such was the case." This legal issue, however, was not squarely presented to the Court in Defendants' motion for partial summary judgment. Instead, the issue before the Court was whether Defendants' were entitled to qualified immunity on Plaintiffs' Fourth Amendment unreasonable search and seizure claim based on all the circumstances surrounding the search. Whether the patdown of Plaintiff is considered a strip search is *only a portion of the circumstances* that Plaintiff bases her claim on.

In reviewing *all of the circumstances*, the Court found that Plaintiff's Fourth Amendment claim survived summary judgment:

> Moreover, *even assuming* that the search of Plaintiff *cannot* be categorized as a strip search, Defendants cite to no legal authority to support their claim that the search conducted on Plaintiff was a routine patdown search as a matter of law. During the search, Defendant Robinson fondled Plaintiff's breasts and twisted her nipples for approximately a minute, resuming after a short pause to fondle her breasts for approximately 30 seconds more, and then forcefully swept her genital area to the extent that she had to remove her underwear from her vagina post-search—all without reasonable suspicion. *Viewing the facts in the light most favorable to Plaintiff, a reasonable jury could find that Defendant Robinson violated Plaintiff's Fourth Amendment rights.*

July 16, 2012, Opinion and Order, dkt. #41, at 10. The Court then explained that because a reasonable officer would be aware that this violates Plaintiff's Fourth Amendment rights, Defendants Robinson and Feenstra are denied qualified immunity. As such, whether Plaintiff's

search is classified as a strip search or not, the Court found that Defendants were not entitled to qualified immunity.

As such, Defendants' motion for reconsideration fails to state a palpable defect by which the Court has been misled or that analyzing the issue will result in a different disposition of the case. Rather, Defendants' motion presents issues that the Court has already ruled upon. *See* E.D. Mich. L.R. 7.1(h)(3). Accordingly, IT IS HEREBY ORDERED that Defendants' motion for reconsideration [dkt 42] is DENIED.

IT IS SO ORDERED.

> S/Lawrence P. Zatkoff
> LAWRENCE P. ZATKOFF
> UNITED STATES DISTRICT JUDGE

Dated: August 2, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 2, 2012.

> S/Marie E. Verlinde
> Case Manager
> (810) 984-3290