UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORETTA VAN BEEK

  Plaintiff,

v.

CRYSTAL ROBINSON and TONI
FEENSTRA, officers of the United States
Customs and Border Protection, in their individual
capacities, and the UNITED STATES OF
AMERICA, jointly and severally,

  Defendants.
_____/

Case No. 11-10514
Hon. Lawrence P. Zatkoff

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 1, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Defendants' Motion *in limine* to Exclude the Testimony of Plaintiff's "May Call" Witnesses [dkt 45]. The parties have fully briefed the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L. R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendants' motion is GRANTED.

## II. BACKGROUND

### A. Factual Background

The facts of this case were extensively outlined in the Court's July 16, 2012, Opinion and Order. *See* Dkt. # 41, pp. 1–5. The Court will, however, provide a brief summary here.

In this lawsuit, Plaintiff Loretta Van Beek ("Plaintiff") seeks damages against Defendants United States Customs and Border Protection ("CBP") Officers Crystal Robinson and Toni Feenstra (hereinafter referred to as "Defendant Robinson" and "Defendant Feenstra", respectively) for an alleged violation of her constitutional rights under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff alleges that on March 2, 2010, while intending to cross into the United States from Windsor, Ontario, Canada at the Ambassador Bridge, Defendants Robinson and Feenstra unlawfully detained and searched her in violation of the Fourth Amendment. Plaintiff specifically claims that she was improperly detained in a detention cell for the duration of the personal search, that her pat down search evolved into a strip search when she was asked to remove several layers of clothing over her camisole, and that Defendant Robinson fondled her breasts, twisted her nipples and groped her groin so forcefully that her panties were lodged into her vaginal cavity, all with Defendant Feenstra failing to intervene. Additionally, Plaintiff is seeking damages against Defendant United States of America ("Defendant United States") under the Federal Tort Claims Act for claims of battery, false imprisonment, and intentional infliction of emotional distress.[1]

### B. Disputed Witnesses

In the parties' Joint Final Pretrial Order submitted to the Court during the final pretrial conference on November 8, 2012, Plaintiff listed Lisa Bhatt ("Bhatt"), Meera Beri Sidhu ("Beri"), and the "[o]ther persons who have been searched by Crystal Robinson or Toni Feenstra whose identities are

---

[1] Plaintiff's claims against Defendant United States are based on the same facts underlying her *Bivens* claims against Defendants Robinson and Feenstra.

not yet known" as "may call" witnesses for trial. Bhatt and Beri currently have a lawsuit pending against two unnamed CBP officers that alleges similar claims as Plaintiff does here. *See Bhatt, et al. v. Two Unknown Named Agents of the U.S. Customs and Border Protection*, No. 12-11105 (E.D. Mich. filed Mar. 13, 2012). Defendants filed the instant motion in limine to strike Bhatt, Beri, and the "other persons" category from Plaintiff's "may call" witness list and thereby exclude from trial their testimony. The Court will now addresses the merits of Defendants' arguments below.

### III. ANALYSIS

In their motion *in limine*, Defendants argue that Plaintiff's "may call" witnesses should be excluded from testifying at trial because, allegedly, (1) Plaintiff previously and unconditionally agreed to withdraw Bhatt and Beri from her witness list; and (2) including the "other persons" category as "may call" witnesses fails to meet the specificity and notice requirements of a joint final pretrial order. Defendants' arguments are well-taken and the Court will grant the motion.

**A. Witnesses Bhatt and Beri**

Subsequent to Plaintiff filing her trial witness list on March 1, 2012—which listed Bhatt and Beri as potential witnesses—Plaintiff's counsel apprised Defendants' counsel that Bhatt and Beri were pursuing similar Fourth Amendment claims against two unnamed[2] CBP officers when they crossed the Ambassador Bridge on May 5, 2010. Plaintiff's counsel also represents Bhatt and Beri in the pending litigation.

On April 17, 2012, because of their inclusion on Plaintiff's trial witness list, Defendants' counsel sent Plaintiff's counsel an e-mail correspondence indicating a desire to depose Bhatt and Beri, unless Plaintiff was willing to remove their names from the list. *See* Dkt. # 45, Ex. 1. On April 23,

---

[2] As of November 21, 2012, Plaintiff's counsel had not yet confirmed whether or not Bhatt or Beri had contact with– or, were let alone searched by–Defendants Robinson and Feenstra. *See* Dkt. # 49, p. 9, fn. 1. Yet, throughout her response brief, Plaintiff impliedly accuses Defendants Robinson and Feenstra as the "unknown" CBP officers.

3

2012, Defendants' counsel sent a follow-up e-mail to Plaintiff's counsel confirming deposition dates of May 7 and 8, 2012, for Bhatt and Beri, respectively. *See id.* at Ex. 2, pg. 2.

On April 24, 2012, both counsel had a telephone discussion wherein Plaintiff's counsel stated that he had not reviewed the CBP records regarding Bhatt and Beri's stop at the border and, once received and reviewed, that he would consider omitting Bhatt and Beri from Plaintiff's trial witness list if the records failed to show a nexus between Bhatt and Beri and Defendants Robinson and Feenstra. The attorneys also agreed that Defendants would not pursue the depositions of Bhatt and Beri until Plaintiff's counsel could analyze the CBP records and, if Bhatt and Beri were not removed from Plaintiff's trial witness list after review of the records, that Plaintiff would produce Bhatt and Beri for their depositions even if the time period for formal discovery had expired. *See id.* at Ex. 2, pp. 1–2.

On July 24, 2012, Defendants' counsel sent Plaintiff's counsel an e-mail requesting to take Bhatt and Beri's depositions on August 7 and 8, 2012, since Plaintiff's counsel had not yet provided a definitive answer on whether Bhatt and Beri would be removed from Plaintiff's trial witness list. *See id.* at Ex. 3.

A series of e-mails ensued between both counsel from July 30, 2012, to August 7, 2012, which provide as follows:

1. On July 30, 2012, Plaintiff's counsel stated that he did not intend, at that time, to call Bhatt and Beri as witnesses because the CBP records reviewed to date lacked evidence that Defendants Robinson and Feenstra had searched Bhatt and or Beri. Plaintiff's counsel did provide a caveat, however, that if subsequently produced evidence showed that Defendants Robinson or Feenstra were involved in searching Bhatt and or Beri, Plaintiff would not remove them from the witness list and would make them available to be deposed.

4

2. On August 1, 2012, Defendants' counsel stated that he was left in an "untenable position," and requested clarification on whether or not Plaintiff was willing to unconditionally withdraw Bhatt and Beri from her witness list. If Plaintiff was unable to grant this request, Defendants wished to proceed with the depositions of Bhatt and Beri in late August 2012.

3. On August 6, 2012, Plaintiff's counsel responded, "Maybe I should have been more clear in my previous email. I have no intention of calling Lisa Bhatt or Meera Beri to testify in the Van Beek case." Counsel continued, "It certainly seems highly unlikely that Bhatt or Beri ever will fall into the category of Van Beek witnesses I intend to call, inasmuch as the CBP records do not indicate that they encountered Robinson or Feenstra at the border or even that they were searched by anyone else." In closing, counsel stated, "Under these circumstances, I hope we can agree that you will not seek to depose Bhatt and Beri in the Van Beek case, and that you will voluntarily withdraw the deposition notices for them that you recently served."

4. On August 7, 2012, Defendants' counsel stated, "Thank you for clarifying. Since you have withdrawn Lisa Bhatt and Meeri Bari from the Van Beek witness list, I will not be seeking their depositions in the Van Beek case and am withdrawing their notices of deposition . . . ."

5. On August 7, 2012, Plaintiff's counsel responded, "Good deal. Thanks, Bill."

*See id.* at Ex. 4, pp.1–3.

On or around November 2, 2012, as both counsel began drafting the proposed Joint Final Pretrial Order, Defendants' counsel claims that he was informed for the first time by Plaintiff's counsel that Bhatt and Beri would be included as "may call" witnesses at trial.

5

As a result of the above-mentioned e-mails, Defendants seek to preclude Bhatt and Beri from testifying at trial in the instant case because Plaintiff "previously and unconditionally withdrew their names from her trial witness list." Defendants claim that they ceased further discovery with respect to Bhatt and Beri's allegations and to now allow their testimony would be "unfair and prejudicial" and would effectively cause this trial to become a "trial within a trial." Accordingly, Defendants request that the Court strike Bhatt and Beri from Plaintiff's "may call" witness list.

Plaintiff offers three arguments in response. First, Plaintiff claims that Bhatt and Beri were never "unconditionally" removed from her witness list. Instead, Plaintiff claims that the e-mail conversations between her attorney and Defendants' counsel simply demonstrated her intention to not call Bhatt and Beri as witnesses at that time, and that she reserved the right to call Bhatt and Beri if subsequent information revealed that they had been searched by Defendants Robinson and Feenstra. Second, Plaintiff decided to leave Bhatt and Beri on her witness list after learning of Beri's August 12, 2012, interview with the CBP's Office of Internal Affairs. Apparently, Beri provided a description of one of the two unnamed CBP officers that conducted her allegedly invasive search, and that description "closely matches" Defendant Robinson. And third, Defendants would not be unfairly prejudiced by Bhatt and Beri's testimony if they remain as "may call" witnesses because, according to Plaintiff, Defendants have time to depose Bhatt and Beri before the scheduled trial date. The Court finds Plaintiff's arguments unconvincing.

Despite Plaintiff's claim to the contrary, the Court agrees with Defendants' position that, based on the language from the emails above, Plaintiff "unconditionally" agreed to not call Bhatt and Beri as testifying witnesses and remove them from her "may call" trial witness list. In fact, on August 7, 2012, when Defendants' counsel stated, "Since you have withdrawn Lisa Bhatt and Meeri Bari from the Van Beek witness list, I will not be seeking their depositions in the Van Beek case," Plaintiff's counsel

6

response was, "Good deal." Plaintiff cannot now argue that she subjectively intended to reserve the right to call Bhatt and Beri as witnesses if additional evidence linking Bhatt and Beri was somehow unearthed. As such, the Court finds that both parties entered a mutual agreement whereby Bhatt and Beri would be stricken from Plaintiff's "may call" witness list.

Moreover, even though Plaintiff became aware of Beri's interview with the CBP's Office of Internal Affairs after she agreed to drop Bhatt and Beri as "may call" witnesses, the Court is troubled by her lack of brevity in informing Defendants that she was leaving Bhatt and Beri on her trial witness list. Beri's interview occurred on August 12, 2012, and yet Plaintiff failed to apprise Defendants until November 2, 2012—almost three months later—that she had reconsidered and was submitting the proposed Joint Final Pretrial Order with Bhatt and Beri included as "may call" witnesses. The Court does not look favorably on such litigation tactics and dismisses Plaintiff's second rebuttal argument.

Finally, at this juncture, providing Defendants with the opportunity to depose Bhatt and Beri would not only have a prejudicial effect upon Defendants, but would also be an insufficient remedy. Even if Defendants were to depose Bhatt and Beri, discovery has closed and they would have no meaningful opportunity to conduct additional investigation and discovery that could be generated from the information provided at the deposition. Further still, Defendants acted diligently in pursuing Bhatt and Beri's deposition while discovery was still open and shortly after it closed,[3] but Plaintiff's counsel repeatedly deflected Defendants' desire to depose Bhatt and Beri, asked that the depositions be postponed, and even requested that Defendants withdraw the deposition notices served on Bhatt and Beri. There is no question that "Defendants should have had the opportunity to depose Plaintiff's material witness[es,] [*i.e.*, Bhatt and Beri,] on important issues prior to the close of discovery" and undoubtedly prior to their appearance at trial. *Scozzari v. City of Clare, et al.*, No. 08-10997, 2012 WL

---

[3] Defendants' counsel attempted to schedule the depositions of Bhatt and Beri on at least three separate occasions: (1) May 7 and 8, 2012; (2) August 7 and 8, 2012; and (3) August 23 and 24, 2012.

1988129 at *1 (E.D. Mich. June 4, 2012) (citing *JAT, Inc. v. Nat'l City Bank of the Midwest*, No. 06-cv-11037, 2008 WL 1820841 at *3 (E.D. Mich. Apr. 22, 2008)).

Accordingly, Bhatt and Beri shall be stricken from Plaintiff's "may call" trial witness list and thus precluded from testifying at trial in the instant case.

**B. "Other Persons Who Have Been Searched By Crystal Robinson or Toni Feenstra Whose Identities Are Not Yet Known"**

Defendants next argue that Plaintiff's inclusion of "Other persons who have been searched by Crystal Robinson or Toni Feenstra whose identities are not yet known" as a "may call" witness fails to meet the specificity and notice requirements of a joint final pretrial order. Because Defendants Robinson and Feenstra have searched countless persons over the years as CBP officers, this "other persons" category could comprise any number of individuals. Accordingly, listing this broad category of persons fails to put Defendants and the Court on reasonable notice of how many witnesses Plaintiff may in fact call, fails to provide the identities of those witnesses, leaves Defendants without knowledge of the substance of their proposed testimony, and could ultimately result in additional "trials within a trial."

In response, Plaintiff argues that it would be "premature" and "unnecessary" to exclude the "other persons" category from her trial witness list. Plaintiff admits that she knows of no such "other persons" at this time but, if she becomes aware of any individuals in that category, she will ask the Court for leave to call these "other persons" at witnesses.

The Court notes that the scheduling conference in this matter was held on September 15, 2011. Pursuant to the parties' stipulation, discovery was extended to, and ended on, May 15, 2012. On November 8, 2012, during the final pretrial conference, the parties submitted the Joint Final Pretrial Order. More than one year has passed between the initial scheduling conference and the date that the Joint Final Pretrial order was submitted to the Court, yet Plaintiff has ostensibly been unable to identify

8

any "other persons" that have been searched by Defendants Robinson and Feenstra. In fact, Plaintiff even admits in her response brief that she "knows of no such individuals at this time." *See* Dkt. # 49, p. 10. Further, Plaintiff provides to the Court no authority that would allow her to maintain these hypothetical witnesses—which could encompass hundreds of persons—on her witness list on the eve of trial. As such, the Court will strike Plaintiff's "other persons" category from her trial witness list.

### IV. CONCLUSION

Accordingly, and for the reasons above, IT IS HEREBY ORDERED that Defendants' Motion *in limine* to Exclude the Testimony of Plaintiff's "May Call" Witnesses [dkt 45] is GRANTED.

IT IS FURTHER ORDERED that Bhatt, Beri, and the "other persons" category are stricken from Plaintiff's "may call" trial witness list.

IT IS SO ORDERED.

                                                                           s/Lawrence P. Zatkoff
                                                                           Hon. Lawrence P. Zatkoff
                                                                           U.S. District Judge

Date: February 1, 2013