**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LORETTA VAN BEEK

      Plaintiff,

v.                                                                 Case No. 11-10514
                                                                   Hon. Lawrence P. Zatkoff
CRYSTAL ROBINSON and TONI
FEENSTRA, officers of the United States
Customs and Border Protection, in their individual
capacities, and the UNITED STATES OF
AMERICA, jointly and severally,

      Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 1, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendants' Motion *in limine* to Admit Rule 404(b) Evidence [dkt 46]. The parties have fully briefed the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendants' motion is GRANTED in part and DENIED in part.

## II. BACKGROUND

### A. FACTUAL BACKGROUND

The facts of this case were extensively outlined in the Court's July 16, 2012, Opinion and Order. *See* Dkt. # 41, pp. 1–5. The Court will, however, provide a brief summary here.

In this lawsuit, Plaintiff Loretta Van Beek ("Plaintiff") seeks damages against Defendants United States Customs and Border Protection ("CBP") Officers Crystal Robinson and Toni Feenstra (hereinafter referred to as "Defendant Robinson" and "Defendant Feenstra", respectively) for an alleged violation of her constitutional rights under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff alleges that on March 2, 2010, while intending to cross into the United States from Windsor, Ontario, Canada at the Ambassador Bridge, Defendants Robinson and Feenstra unlawfully detained and searched her in violation of the Fourth Amendment. Plaintiff specifically claims that she was improperly detained in a detention cell for the duration of the personal search, that her pat down search evolved into a strip search when she was asked to remove several layers of clothing over her camisole, and that Defendant Robinson fondled her breasts, twisted her nipples and groped her groin so forcefully that her panties were lodged into her vaginal cavity, all with Defendant Feenstra failing to intervene. Additionally, Plaintiff is seeking damages against Defendant United States of America ("Defendant United States") under the Federal Tort Claims Act for claims of battery, false imprisonment, and intentional infliction of emotional distress.[1]

---

[1] Plaintiff's claims against Defendant United States are based on the same facts underlying her *Bivens* claims against Defendants Robinson and Feenstra.

**B. DEFENDANTS' ALLEGED PRIOR ACT**

Plaintiff's trial witness list includes non-parties Lisa Bhatt ("Bhatt") and Meeri Beri ("Beri") as "may call" witnesses. Bhatt and Beri have pending litigation against two unnamed CBP officers[2] wherein they allege that on March 5, 2010, while crossing the border from Windsor, Ontario, Canada into Detroit, Michigan at the Ambassador Bridge, these officers conducted improper, physically invasive searches of their bodies. *See Bhatt, et al. v. Two Unknown Named Agents of the U.S. Customs and Border Protection*, No. 12-11105 (E.D. Mich. filed Mar. 13, 2012). Bhatt and Beri are also represented by Plaintiff's counsel in that matter.

Remarkably, the allegations sounding from Bhatt and Beri's complaint that describe the details of their supposed improper search almost mirror Plaintiff's allegations here. In their complaint, Bhatt claims that, as one CBP officer observed, another officer reached underneath her bra to grope and squeeze her bare breasts and, while searching the groin area, the officer pressed her fingers into Bhatt's anus and vagina cavity, causing her leggings to lodge into her private areas. Beri likewise alleges similar conduct by the two CBP officers. At trial, Plaintiff plans to introduce evidence of Bhatt and Beri's allegations.

## III. LEGAL STANDARD

Federal Rule of Evidence 404(b) allows the plaintiff to introduce evidence of "other crimes, wrongs, or acts" committed by the defendant[s] so long as the evidence is not used merely to show propensity and if it "bears upon a relevant issue in the case." *United States v. Hardy*, 228 F.3d 745, 750 (6th Cir. 2000). The Rule contains a non-exhaustive list of possible purposes: "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).

---

[2] To date, Bhatt and Beri have failed to amend their complaint to identify the names of the CBP officers that allegedly searched them. Plaintiff's response brief to the instant motion impliedly accuses Defendants Robinson and Feenstra as the CBP officers that apparently conducted that search. Plaintiff has not, however, provided to this Court any evidence that substantiates that implicit allegation.

Such evidence "is not admissible to prove the character of a person in order to show action in conformity therewith." *Id.*

Before admitting evidence under Rule 404(b), the Court must first make a preliminary determination regarding whether there is sufficient evidence that the "other acts" took place. *United States v. Bell*, 516 F.3d 432, 441 (6th Cir. 2008) (quoting *United States v. Lattner*, 385 F.3d 947, 955 (6th Cir. 2004)). Next, the Court uses a four-step inquiry to determine admissibility: (1) the proponent of the evidence must identify the specific purpose of the "other acts" evidence; (2) the district court must decide whether the identified purpose is at issue in the case; (3) if the purpose is at issue, the district court must weigh the probative value against the danger of unfair prejudice; and (4) if the district court admits the evidence, it must then clearly instruct the jury as to the specific purpose for which the jury may consider the evidence. *United States v. Merriweather*, 78 F.3d 1070, 1076–77 (6th Cir. 1996).

## IV. ANALYSIS

Plaintiff seeks to admit evidence of Bhatt and Beri's March 5, 2010, incident at the Ambassador Bridge where they were allegedly subjected by two CBP officers—which, as Plaintiff implies, are Defendants Robinson and Feenstra—to an improper, physically invasive search of their bodies ("Prior Acts"). Plaintiff argues that the Prior Acts evidence is offered to show Defendants' absence of mistake or accident, and to challenge Defendants' credibility.

### A. OCCURRENCE OF THE PRIOR ACTS

A threshold matter for the Court is whether there is sufficient evidence to show that Defendants Robinson and Feenstra committed the Prior Acts. *Bell*, 516 F.3d at 441 (quoting *Lattner*, 385 F.3d at 955). The Plaintiff satisfies this burden if a jury can reasonably conclude that the Prior Acts occurred

and that Defendants Robinson and Feenstra were involved. *Id.* (citing *Huddleston v. United States,* 485 U.S. 681, 689 (1988)).

The Court fails to find sufficient evidence to support a jury finding that Defendants were involved in the Prior Acts. First, and most telling, is the utter lack of documentation or corroborated statements evidencing that Bhatt and Beri were actually searched on March 5, 2010. In fact, upon review of the CBP records that Plaintiff attached to her brief, the inquiry "personal search" regarding both Bhatt and Beri's secondary inspection is answered "N", *i.e.,* either No or Negative. *See* Dkt. # 50, Ex. 2, at pp. 2–4. Plaintiff's only argument in response is that it is "implausible at best" that Bhatt and Beri were permitted to cross the border without being searched given they "were a near perfect match to a CBP bulletin identifying potential narcotics traffickers" who would seek entry into the United States on March 5, 2010. The Court is not inclined, however, to conduct a mini-trial within the case at bar and therefore, based on the evidence currently submitted, the Court finds Plaintiff's argument that Bhatt and Beri were searched without merit.

Second, further review of the CBP records reveals that, while Defendants Robinson and Feenstra were scheduled to be on duty March 5, 2010, they had no contact with Bhatt and Beri on that date. Aside from Plaintiff's bald assertions to the contrary, she has presented no evidence to demonstrate that Bhatt and Beri were even searched—or, for that matter, searched by Defendants Robinson and Feenstra—when they were crossing into the United States. As such, a jury could not reasonably find that Defendants committed the Prior Acts. Having reached that conclusion, it is unnecessary for the Court to turn to the four-step analysis[3] articulated by the Sixth Circuit in *Merriweather, supra.*

---

[3] Assuming that Plaintiff had offered sufficient evidence that Defendants had committed the Prior Acts, Bhatt and Beri's allegations would still be inadmissible under *Merriweather's* four-step analysis. Plaintiff claims that Bhatt and Beri's testimony has two proper purposes: (1) it shows an absence of mistake or accident, and (2) to impeach Defendants' credibility. With respect to Plaintiff's first offered purpose, Bhatt and Beri's testimony would be

**B. OTHER COMPLAINTS AGAINST DEFENDANTS ROBINSON AND FEENSTRA**

Defendants' Motion *in limine* also sought to exclude evidence at trial of any other complaints—none of which involved searches—made to the Customs and Border Protection Agency against Defendants Robinson and Feenstra.  In her response brief, Plaintiff claims that she does not intend to offer any evidence relating to these other complaints.  As such, the Court will deny Defendants' argument as moot.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion *in limine* to Exclude "Other Acts" Evidence under Fed. R. Evid. 404(b) [dkt 46] is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Plaintiff is precluded at trial from referring to, or introducing any evidence of, Bhatt and Beri's allegations regarding the March 5, 2010, incident where they allege that Defendants Robinson and Feenstra improperly and invasively searched them at the Ambassador Bridge border crossing.

IT IS FURTHER ORDERED that Defendants' request that the Court exclude from trial evidence of any other complaints—none of which involved searches—made to the Customs and Border Protection Agency against Defendants Robinson and Feenstra is denied as moot.

IT IS SO ORDERED.

s/LAWRENCE P. ZATKOFF
Hon. Lawrence P. Zatkoff
U.S. District Judge

Date:  February 1, 2013

---

irrelevant to show absence of mistake or accident because neither Defendant is claiming that Plaintiff's search was accidently or mistakenly conducted in an intrusive or improper manner—rather, both Defendants vehemently deny that the search was conducted improperly.  And second, impeaching a witness's credibility is not one of the listed purposes in 404(b) for which "other acts" evidence may be admitted and, even further, Rule 608(b) precludes the admission of extrinsic evidence of specific instances of a witness's conduct, other than conviction for a crime, for the purpose of attacking the witness's credibility.

6