UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORETTA VAN BEEK

    Plaintiff,

v.

CRYSTAL ROBINSON and TONI
FEENSTRA, officers of the United States
Customs and Border Protection, in their individual
capacities, and the UNITED STATES OF
AMERICA, jointly and severally,

    Defendants.
_____/

Case No. 11-10514
Hon. Lawrence P. Zatkoff

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 5, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Dismiss claims brought under the Federal Tort Claims Act Without Prejudice [dkt 61]. The parties have fully briefed the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Plaintiff's motion is GRANTED.

**II. BACKGROUND**

The facts of this case were extensively outlined in the Court's July 16, 2012, Opinion and Order. *See* Dkt. # 41, pp. 1–5. The Court will, however, provide a brief summary here.

In this lawsuit, Plaintiff Loretta Van Beek ("Plaintiff") seeks damages against Defendants United States Customs and Border Protection ("CBP") Officers Crystal Robinson and Toni Feenstra (hereinafter referred to as "Defendant Robinson" and "Defendant Feenstra." respectively) for an alleged violation of her constitutional rights under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff alleges that on March 2, 2010, while intending to cross into the United States from Windsor, Ontario, Canada at the Ambassador Bridge, Defendants Robinson and Feenstra unlawfully detained and searched her in violation of the Fourth Amendment. Plaintiff specifically claims that she was improperly detained in a detention cell for the duration of the personal search, that her pat down search evolved into a strip search when she was asked to remove several layers of clothing over her camisole, and that Defendant Robinson fondled her breasts, twisted her nipples and groped her groin so forcefully that her panties were lodged into her vaginal cavity, all with Defendant Feenstra failing to intervene. Additionally, Plaintiff is seeking damages against Defendant United States of America ("Defendant United States") under the Federal Tort Claims Act ("FTCA") for claims of battery, false imprisonment, and intentional infliction of emotional distress.[1]

A bifurcated jury trial on the *Bivens* claim and bench trial on the FTCA claims was scheduled for February 11, 2013. On February 5, 2013, the Court adjourned the trial due to a medical emergency of Defendant Robinson. The bifurcated trial is currently set for June 24, 2013.

On February 6, 2013, Plaintiff filed the instant Motion seeking dismissal of her FTCA claims without prejudice in an attempt to avoid application of the FTCA's judgment bar.

### III. LEGAL STANDARD

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless stated

---

[1] Plaintiff's claims against Defendant United States are based on the same facts underlying her *Bivens* claim against Defendants Robinson and Feenstra.

2

otherwise, an order dismissing a complaint or certain of a plaintiff's claims is "without prejudice." *Id.* Whether dismissal should be granted under Rule 41(a)(2) lies within the sound discretion of the trial court. *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974). The primary purpose of requiring court approval is to protect the nonmoving party from unfair treatment. *See Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

In the context of a Rule 41(a)(2) dismissal without prejudice, an abuse of discretion is generally found "only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover*, 33 F.3d at 718 (quoting *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988)). In determining whether Defendants will suffer plain legal prejudice, this Court considers the following factors: (1) Defendants' "effort and expense" in preparation of trial; (2) any excessive delay and lack of diligence on the part of Plaintiff in prosecuting the action; (3) the sufficiency of Plaintiff's explanation for the need of the dismissal; and (4) whether Defendants have filed a motion for summary judgment. *See Grover*, 33 F.3d at 718. Notably, the factors are "simply a guide for the trial judge, in whom the discretion ultimately rests." *Kovalic*, 855 F.2d at 474 (citation omitted).

## IV. ANALYSIS

The Court finds that dismissing Plaintiff's FTCA claims without prejudice would not result in "plain legal prejudice" to Defendants. As discussed below, a consideration of the *Grover* factors compels this finding.

### A. DEFENDANTS' EFFORT AND EXPENSE IN PREPARATION FOR TRIAL

Defendants argue that they have expended considerable efforts and incurred expenses in defending against Plaintiff's claims in this litigation. Thus far, Defendants have participated in informal and formal discovery, including the exchange of written discovery and the taking of depositions; filed a

witness list and supplemental witness list; filed various motions, including an unsuccessful motion for partial summary judgment; attended court proceedings and conferences; and filed proposed findings of fact and conclusions of law.  While the Court does not dispute that Defendants have exerted significant time and money, a majority of Defendants' "effort and expense" would have undoubtedly been expended nonetheless as Plaintiff's *Bivens* claim and FTCA claims involve substantially similar—if not identical—factual predicates.  *See* Plaintiff's second Amended Complaint, Dkt. # 16.  In other words, the merits of Plaintiff's *Bivens* and FTCA claims both turn on whether Defendants Robinson and Feenstra actually engaged in the alleged improper conduct on March 2, 2010.

Therefore, Defendants' contention that they have exhausted considerable efforts and expenses lends little support to a finding of plain legal prejudice, since "much [or all] of [Defendants'] effort and expense [has been] useful" in defending against Plaintiff's *Bivens* claims.  *See Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007). Accordingly, this factor weighs in Plaintiff's favor.

**B. EXCESSIVE DELAY AND LACK OF DILIGENCE ON THE PART OF PLAINTIFF IN PROSECUTION**

With respect to the second factor, the Court finds relevant the following sequence of events: Plaintiff filed this lawsuit on February 9, 2011; Plaintiff filed an Amended Complaint on May 17, 2011; Plaintiff filed her second Amended Complaint on August 15, 2011; discovery in this case closed on May 15, 2012; the dispositive motion deadline in this case was June 5, 2012; the Court held a final pretrial conference on November 8, 2012; on February 5, 2013, the Court adjourned the trial date; and on February 6, 2013, Plaintiff filed the instant Motion.  Plaintiff provides the Court with no reasonable explanation—or for that matter, any explanation—as to why it took her approximately two years since commencing this case to file the instant Motion.  Nonetheless, because Defendants concede that there has been no excessive delay or lack of diligence by Plaintiff, the Court considers this factor moot.

**C. SUFFICIENCY OF PLAINTIFF'S EXPLANATION FOR THE NEED OF DISMISSAL**

Plaintiff seeks to pursue only her *Bivens* claim to judgment as to avoid implication of the FTCA judgment bar. Accordingly, Plaintiff requests that the Court enter an order dismissing her FTCA claims *without prejudice*. In response, Defendants argue that Plaintiff knowingly decided to bring this lawsuit under two theories and, the argument goes, Plaintiff "must live with the consequences" of her election to bring both kinds of claims.

When a federal agent violates the constitutional rights of an individual, the agent's conduct typically results in two potential causes of action: (1) an action alleging tort claims against the United States under the FTCA; and (2) a *Bivens* action alleging constitutional violations against the individual agent(s). *See Carlson v. Green*, 446 U.S. 14, 19–23 (1980). The victim of the federal agent's conduct is afforded the option to pursue one or both causes of action. *See Manning v. United States*, 546 F.3d 430, 434–35 (7th Cir. 2008). Federal statutory law provides, however, that judgment of an FTCA claim brought against the government constitutes "a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676. This judgment bar extends to parallel *Bivens* actions irrespective of the party that prevailed in the FTCA action. *Harris v. United States*, 422 F.3d 322, 333 (6th Cir. 2005). Consequently, a plaintiff who asserts the parallel causes of action "must make strategic choices in pursuing the remedies." *Manning*, 546 F.3d at 435.

Here, it appears Defendants' argument ignores a vital aspect of the judgment bar. Courts have continuously held that the judgment bar does not restrict a plaintiff from pursuing both FTCA claims and *Bivens* claims. *See, e.g.*, *Manning*, 546 F.3d at 434 ("[W]e encourage[] plaintiffs with claims under *Bivens* and the FTCA to pursue those claims concurrently in the same suit."). In pursuing those claims to judgment, however, the judgment bar "'imposes an election of remedies.'" *Harris*, 422 F.3d at 337

(quoting *Ting v. United States*, 927 F.2d 1504, 1513 n.10 (9th Cir. 1991)).  Yet, contrary to Defendants' assertions, Plaintiff has now clearly made that "election" by filing the instant Motion, which, importantly, is brought prior to pursuing her FTCA claims to a final judgment.  To foreclose Plaintiff from making this election would surely contravene Congress' intention to allow a plaintiff to pursue *Bivens* claims against the individual agents and FTCA claims against the United States in the same case.  *See Carlson*, 446 U.S. at 20 (explaining that Congress views FTCA and *Bivens* as "parallel, complementary causes of action").

Further, Plaintiff's request to have the Court enter an order of dismissal *without* prejudice is convincing.  Plaintiff notes that some courts have considered a dismissal of FTCA claims with prejudice to constitute a final judgment, thus invoking application of the FTCA's judgment bar.  *See, e.g.*, *Farmer v. Perrill*, 275 F.3d 958, 962 (10th Cir. 2001).[2]  It follows, therefore, that if this Court dismisses her FTCA claims with prejudice, such action could result in application of the judgment bar and could thereby preclude Plaintiff from further litigating her *Bivens* claim.  Because dismissing Plaintiff's FTCA claims with prejudice could likely produce an absurd result, the Court agrees with Plaintiff to the extent she seeks dismissal of these claims without prejudice.  *See Maxwell v. Dodd*, No. 08-11326, 2009 WL 3805597, *4 (E.D. Mich. Nov. 12, 2009) ("Although a procedural *judgment* on an FTCA claim can act as a bar to recovery on related *Bivens* claims, the [c]ourt is unaware of any precedent interpreting a *dismissal* without prejudice as a *judgment* implicating the judgment bar.") (emphasis in original).

In short, the Court finds that this factor weighs in Plaintiff's favor as she provided sufficient explanation for the need to dismiss her FTCA claims.

### D. WHETHER DEFENDANTS HAVE FILED A MOTION FOR SUMMARY JUDGMENT

The Court resolved Defendants' motion for partial summary judgment on July 16, 2012.  *See* Dkt. # 41.  As such, Defendants have no pending summary judgment motions and this factor weighs in Plaintiff's favor.

---

[2] The Court could not locate any controlling law on this issue in the Sixth Circuit.

6

Accordingly, upon consideration of the factors described above, the Court finds that they largely militate against a finding of plain legal prejudice. The Court will therefore grant Plaintiff's motion and dismiss her FTCA claims (Counts II–IV) without prejudice.

## V. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's Motion to Dismiss claims brought under the Federal Tort Claims Act Without Prejudice [dkt 61] is GRANTED.

IT IS FURTHER ORDERED that the remainder of this case—Plaintiff's *Bivens* claim—proceed to a jury trial, with jury selection occurring on June 20, 2013, at 9:00 a.m. before Magistrate Judge Whalen in Detroit, and with the jury trial set to commence on June 24, 2013, at 8:30 a.m. before the undersigned in Port Huron.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff<br>
Hon. Lawrence P. Zatkoff<br>
U.S. District Judge

Dated: June 5, 2013